UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERESA MAYE BUSH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-000541-GCS |
| | ) |
| **RA'SHAWN WALKER,** | ) |
| | ) |
| Respondent, | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On August 11, 2025, Respondent filed a motion to dismiss petition as moot or in the alternative Respondent's response to the petition. (Doc. 20). As of result of Petitioner's failure to respond to the motion to dismiss, the Court, on September 17, 2025, directed Petitioner to respond to the motion to dismiss on or before October 14, 2025, and warned Petitioner that the failure to respond may result in the Court dismissing the petition for failure to prosecute. (Doc. 22). As of October 16, 2025, Petitioner did not file a response. Because of Plaintiff's failure to prosecute this case, the Court, issued a Show Cause Order directing Petitioner to respond in writing, on or before November 6, 2025, why her petition should not be dismissed with prejudice. (Doc. 23). As of this date, Plaintiff has neither responded to the motion to dismiss nor to the Show Cause Order.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The court may 'infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines.'" *Pouliot v. Board of Trustees of University of Illinois*, No. 21-2735, 2025 WL 1275774, at *2 (7th Cir. May 2, 2025) (quoting *Dickerson v. Board of Education of Ford Heights, Illinois*, 32 F.3d 1114, 1117 (7th Cir. 1994)). In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Petitioner failed to follow Court Orders by not responding to the motion to dismiss and by not responding to the Show Cause Order. The Court has 139 cases on its docket, and if the Court permits this case to drag on further waiting for Petitioner to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th

Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED**.

    **DATED: November 12, 2025.**

Digitally signed by<br>
Judge Sison<br>
Date: 2025.11.12<br>
12:44:56 -06'00'

                                                       **GILBERT C. SISON**
                                                       **United States Magistrate Judge**